UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK K. LAZERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No.: 4:13-cv-02832-YGR<br><br>ORDER GRANTING MOTION TO DISMISS<br>WITH LEAVE TO AMEND |

Plaintiff Mark Lazerson brought the present complaint against Defendant Carolyn W. Colvin, in her capacity as Commissioner of the Social Security Administration, requesting judicial review of the Commissioner's final administrative decision denying his Social Security benefits claims pursuant to 42 U.S.C. section 405(g).

Now before the Court is Defendant's Motion to dismiss Plaintiff's complaint as time-barred under 42 U.S.C. section 405(g). FED. R. CIV. P. 12(b)(6). Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court **GRANTS** the motion with leave to amend.[1] Although statute of limitations defenses are ordinarily reserved for the summary judgment stage, here the Court finds that it is apparent from the face of the complaint that Plaintiff's claim is time-barred and that the facts alleged in the complaint and instant papers are insufficient to warrant tolling. Thus, Plaintiff has failed to state a claim upon which relief can be granted.

///

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court determined this matter suitable for resolution on the papers and therefore issues this decision without oral argument.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

On February 12, 2008, Plaintiff filed applications for Social Security disability benefits and for supplemental security income under Titles II and XVI of the Social Security Act.  (Dkt. No. 10-2 ("ALJ Decision") at 3.)  Plaintiff alleged that he was unable to work due to a complex combination of physical and psychological problems.  (*Id*. at 8.)  Both claims were initially denied on May 7, 2008, and again upon reconsideration on January 21, 2009.  (*Id*. at 3.)  On January 27, 2009, Plaintiff filed a written request for a hearing with an Administrative Law Judge (ALJ), and a hearing was held on October 7, 2010.  (*Id*.)  The ALJ determined that Plaintiff suffered from allergic rhinitis, spondylolisthesis, mild degenerative disc disease, generalized anxiety disorder, impulse control disorder, and depressive disorder.  (*Id*. at 5-6.)  However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that rendered Plaintiff "disabled" and which would entitle him to benefits under 20 C.F.R. 404, Subpart P, App. 1.  (*Id*. at 6.)  Further, the ALJ found that Plaintiff had the residual functional capacity to perform light work and could engage in non-complex entry level work.  (*Id*. at 7.)  Thus, the ALJ held that Plaintiff was "not disabled" under sections 216(i) and 223(d) of the Social Security Act and denied his claims.  (*Id*. at 13.)  Throughout this process, Plaintiff was represented by counsel.  (*Id*. at 3.)

On December 10, 2010, the ALJ issued her decision and a copy of the decision was mailed to Plaintiff.  (Dkt. No.10-1 ("Weigel Decl.") ¶ 3(a).)  This was accompanied by a cover letter informing Plaintiff that the Decision Review Board had selected his claim for review but that the ALJ's decision would become the final decision of the SSA if no action was taken by the Decision Review Board within ninety days.  (*Id*.)  On March 16, 2011, the Decision Review Board sent Plaintiff and his attorney a Notice of Decision of Review Board Action, notifying Plaintiff that no action had been taken within the ninety day period and that the ALJ's decision denying Plaintiff's claims was the final decision of the Social Security Administration (SSA).  (Dkt. No. 10-3 at 1.)  The notice also stated that Plaintiff had sixty days from the date the notice was received to file a civil action to review the ALJ's decision pursuant to 42 U.S.C. section 405(g).  (*Id*. at 2.)  The notice informed Plaintiff that if he could not file for court review within sixty days, he could request that the Decision Review Board extend his time to file.  (*Id*. at 2.)  It is undisputed that

United States District Court
Northern District of California

2

1    Plaintiff neither requested an extension from the Decision Review Board nor filed a civil action

2    within the sixty-day period.  (*See* Weigel Decl. ¶ 3(c); Dkt. No. 16 ("Opp'n") at 2.)

3           Plaintiff filed his complaint in this action on June 19, 2013, more than two years after the

4    ALJ's decision had become the final decision of the SSA.  (Dkt. No. 1 ("Complaint").)  The

5    complaint nevertheless alleges that this civil action "commenced within the appropriate time period

6    set forth in the Action of Appeals Council on Request for Review dated March 16, 2011, given the

7    facts noted in the attached Statement of Claimant or Other Person."  (Complaint ¶ 2.)  No such

8    statement was attached to the complaint.

9           On October 30, 2013, Defendant filed the present motion, asking the Court to dismiss

10   Plaintiff's claim pursuant to Fed. R. Civ. P. 12(b)(6).  (Dkt. No. 10 ("Mot.").)  Defendant states that

11   dismissal is proper because Plaintiff's claim is untimely on the face of the complaint and Plaintiff

12   has therefore failed to state a claim upon which relief can be granted.  (*Id.* at 1.)

13          On November 25, 2013, Plaintiff filed his opposition to the motion.  (Opp'n.)  In his

14   opposition, Plaintiff raises for the first time the argument that although the complaint was filed after

15   the sixty-day statute of limitations period, the circumstances surrounding the complaint warrant

16   equitable tolling.  (*See id.* at 5-7.)  In support of this argument, Plaintiff alleges the following facts:

17   •   On May 20, 2011, the last day on which his complaint could be filed within the sixty-day

18       statute of limitations period, Plaintiff's counsel informed him that counsel would not file the

19       civil action and that Plaintiff would have to file it himself.  (*Id.* at 3.)

20   •   Counsel eventually agreed to file the complaint; however, he did not do so.  (*Id.*)  Counsel

21       nevertheless told Plaintiff that the complaint had been filed.  (*Id.*)

22   •   After the filing deadline had passed, counsel did not respond to Plaintiff's phone calls or

23       email.  (*Id.*)

24   •   Plaintiff began seeking new counsel on June 26, 2011, but was unable to find an attorney

25       who would take his case.  (*Id.* at 3.)

26   •   On June 29, 2011, Plaintiff contacted the clerk for the U.S. District Court in Hartford

27       Connecticut, who told him that no complaint had ever been filed and that no civil action

28       concerning his applications for Social Security benefits had been commenced.  (*Id.* at 3-4.)

United States District Court
Northern District of California

United States District Court
Northern District of California

- Despite previously seeking new counsel, Plaintiff again attempted to communicate with his attorney; however, his attorney cancelled appointments with Plaintiff on February 29, March 21, and March 31, 2012, and did not return Plaintiff's phone call on April 6, 2012. (*Id*. at 4.)

- At an unspecified later date, and after two more attorneys refused to take his case, Plaintiff attempted to file a civil action *pro se* but became "overwhelmed, and felt incapable of doing so because of his health." (*Id*. at 4.)

- After relocating to California in December 2012, Plaintiff was told by the Office of the Clerk for the Northern District of California that he could still file his civil action but that he needed to retain an attorney licensed to practice in the Northern District. (*Id*.) Plaintiff again was unable to find an attorney to represent him. (*Id*.)

- On June 4, 2013, Plaintiff contacted his current attorney, Mr. Sackett, who agreed to represent him in this matter. (*Id*.)

- On June 18, 2013, Plaintiff requested an extension of time to file a civil action from the Appeals Council, but as of the filing of the opposition, neither Plaintiff nor Mr. Sackett had received a response from the Appeals Council. (*Id*. at 5.)

Based on the above facts, Plaintiff contends that equitable tolling is warranted and that his failure to file within the sixty-day deadline should be excused. (*Id*. at 8.) Plaintiff argues that tolling is further warranted because his documented mental impairments—including generalized anxiety disorder, obsessive compulsive disorder, impulse control disorder, and depressive disorder—compounded the circumstances that prevented him from timely filing. (*Id*.)

## II.  LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). Generally, in ruling on a Rule 12(b)(6) motion, District Courts "consider only allegations contained in the pleadings, exhibits attached to the complaint, and

matters properly subject to judicial notice." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030-31 (9th Cir. 2008) (quoting *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007)) (internal quotation marks omitted).  For purposes of evaluating a motion to dismiss, "the court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party."  *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979 (9th Cir. 2000) (quoting *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987)).  Any existing ambiguities must be resolved in favor of the pleading.  *Walling v. Beverly Enters.*, 476 F.2d 393, 396 (9th Cir. 1973).

Mere conclusions couched in factual allegations are not sufficient to state a cause of action.  *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988).  The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Thus, "for a complaint to survive a motion to dismiss, the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citation omitted).  Courts may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).

Normally, a statute of limitations defense is properly raised in a responsive pleading.  *Vernon v. Heckler*, 811 F.2d 1274, 1278 (9th Cir. 1987) (citing FED. R. CIV. P. 8(c)).  However, a statute of limitations defense may be raised by a motion to dismiss and a claim may be dismissed as untimely "when the running of the statute [of limitations] is apparent on the face of the complaint."  *U.S. ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (quoting *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010)).  "A motion to dismiss based on the running of the statute of limitations period may be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled."  *Supermail Cargo, Inc. v. United States*, 68 F.3d

1204, 1206-07 (9th Cir. 1995) (internal citations and quotation marks omitted).  In order to dismiss a claim as untimely on a 12(b)(6) motion, it must "appear[] beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim."  *Id*. at 1207.

**III.   DISCUSSION**

The Commissioner moves to dismiss Plaintiff's claims because it is clear from the face of the complaint that the sixty-day statute of limitations has run and that Plaintiff's claims are therefore time-barred.  (Complaint at 1.)  Plaintiff counters in his opposition that the statute of limitations should be tolled under the doctrine of equitable tolling.  (Opp'n at 2.)

**A.  Statute of Limitations**

Title 42 U.S.C. section 405(g) provides that a Social Security claimant may obtain review of a "final" decision of the Commissioner of Social Security by "a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the [Commissioner] may allow."  *Vernon*, 811 F.2d at 1277 (quoting 42 U.S.C. § 405(g)).  The sixty-day limit to file a claim operates as a statute of limitations setting the time period in which a claimant may appeal a final decision of the Commissioner.  *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Vernon*, 811 F.2d at 1277.  Thus, a complaint brought pursuant to 42 U.S.C. section 405(g) can be dismissed on a 12(b)(6) motion if it appears beyond doubt from the face of the complaint "that the plaintiff can prove no set of facts that would establish the timeliness of the claim."  *Supermail Cargo*, 68 F.3d at 1207.

Here, it is uncontested that Plaintiff's complaint was filed after the sixty-day filing period had elapsed.  The SSA's denial of benefits became final on March 16, 2011; Plaintiff's filing deadline was May 20, 2011.  Plaintiff filed this complaint June 19, 2013.  Notwithstanding this fact, Plaintiff's complaint asserts that the claim is nevertheless timely as it was "commenced within the appropriate time period . . . given the facts noted in the attached Statement of Claimant or Other Person."  (Complaint at 1.)  However, there was no statement attached to the complaint, and nothing on the face of the complaint itself asserts any fact indicating that the statute has not run.  Having considered the facts alleged in the complaint, the Court finds that Plaintiff's assertion that his claim is timely does not rise above mere legal conclusion.  Defendant's raising of a statute of

1    limitations defense on this motion is proper.  Thus, the claim must be dismissed unless the Plaintiff

2    can establish that the statute should be tolled.

3       **B.  Equitable Tolling**

4          In certain rare cases, the doctrine of equitable tolling allows a plaintiff to avoid a statute of

5    limitations.  *See Supermail Cargo*, 68 F.3d at 1206.  "Generally, a litigant seeking equitable tolling

6    bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently,

7    and (2) that some extraordinary circumstances stood in his way."  *Credit Suisse Sec. (USA) LLC v.*

8    *Simmonds*, --- U.S. ---, 132 S. Ct. 1414, 1419 (2012) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408,

9    418 (2005)) (emphasis omitted).

10         While Plaintiff argues in his opposition that the statute of limitations should be equitably

11   tolled, no support for this argument appears on the face of the complaint itself.  The complaint

12   acknowledges that the final decision of the SSA was dated March 16, 2011, and it is uncontested

13   that the complaint was filed more than sixty days later.  (*See* Complaint at 1.)  Although Plaintiff

14   asserts that this claim is timely "given the facts noted in the attached Statement of Claimant or

15   Other Person," no such Statement was attached.  (*See id.*)  Thus, dismissal is proper here as nothing

16   on the face of the complaint indicates that the Plaintiff could prevail on the equitable tolling issue.

17   *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993) (noting that dismissal is

18   appropriate where it is evident from the face of the complaint "that the plaintiff could not prevail,

19   as a matter of law, on the equitable tolling issue"); *Middleton v. Astrue*, No. C-09-05754 EDL,

20   2010 WL 2219662, at *2 (N.D. Cal. May 30, 2010) (granting motion to dismiss 405(g) claim where

21   assertions of complaint failed to establish potential applicability of the equitable tolling doctrine);

22   *Vitt v. Astrue*, No. C 06-7184 CW, 2008 WL 425936, at *3-5 (N.D. Cal. Feb. 14, 2008) (same).

23         However, when granting a motion to dismiss, a court is generally required to grant a

24   plaintiff leave to amend in order to cure the pleading deficiencies unless amendment would be

25   futile.  *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (citing

26   *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (per

27   curiam)).  Plaintiff is thus given leave to amend in order to develop his equitable tolling argument.

28   Plaintiff is advised, however, that equitable tolling is an extraordinary remedy and that the facts

United States District Court
Northern District of California

1   stated in the opposition[2] do not appear to establish that he both diligently pursued his rights and

2   was prevented from timely filing by extraordinary circumstances.[3]

3         For example, Plaintiff claims that he has diligently pursued his rights by (i) repeatedly

4   asking his first attorney about his claim; (ii) seeking other representation as early as June 26, 2011;

5   and (iii) asking for assistance from the Clerk's Offices of two different District Courts.  (*See* Opp'n

6   at 7.)  These actions alone do not amount to the diligence required to warrant equitable tolling, nor

7   do they explain why Plaintiff exceeded the sixty-day deadline by more than two years.  Courts have

8   denied equitable tolling in cases with far less time between the running of the statute of limitations

9   and the filing of the complaint.  *See, e.g.*, *Vitt*, 2008 WL 425936, at *5 (granting motion to dismiss

10   where plaintiff filed her complaint five days late and the plaintiff "had enough information to file

11   her social security disability appeal on time").  Further, in those cases where courts have found

12   sufficient diligence to warrant tolling, the plaintiffs have faced more extraordinary circumstances

13   and demonstrated significantly more diligence than did Plaintiff here.  *See, e.g.*, *Socop-Gonzalez v.*

14   *I.N.S.*, 272 F.3d 1176, 1193-96 (9th Cir. 2001) (finding tolling warranted where plaintiff, who had

15   been acting diligently in seeking to change his immigration status, unknowingly triggered a

16   deportation order by following incorrect advice from an INS officer and was therefore unaware that

17   the statute of limitations was running); *Dykes v. Chappell*, No. 3-11-cv-4454-SI, 2012 WL

18   3727263, at *1-2 (N.D. Cal Aug. 28, 2012) (tolling one-year statute of limitations in habeas case

19   where plaintiff filed claim seven days late but had been denied access to counsel for over three

20   months, despite the fact he had diligently invoked his constitutional right to counsel a mere seven

21   days after the statute began to run).

22         Here, even accepting as true the assertions made in the opposition, Plaintiff fails to establish

23   that he diligently pursued his rights.  Plaintiff makes much of the fact that he sought new counsel

---

24   [2] Because the Court is limited to considering only the complaint itself in deciding this motion, the
25   Court here examines Plaintiff's opposition solely for the purpose of determining whether permitting
amendment would be futile.  *See Vitt*, 2008 WL 425936, at *5 (granting motion to dismiss without
26   leave to amend because "Plaintiff's opposition proffer[ed] no grounds on which she could amend
her complaint successfully to allege equitable tolling").
27   [3] As Plaintiff did not raise any equitable tolling argument in his complaint, the Court provides the
following analysis solely for advisory purposes.  Nothing in this Order shall be taken to suggest
28   that Plaintiff will necessarily succeed or fail on this argument in an amended complaint.

and assistance from the Clerk's Offices.  (*See* Opp'n at 7.)  However, these actions occurred well after the statute of limitations had already run and thus do not explain his failure to file on time. Had Plaintiff filed his claim *pro se* on May 20, 2011, upon first learning that his attorney did not plan to file, the claim would have been timely.  Plaintiff does not explain why he did not do so. Even after the deadline passed, Plaintiff had ample opportunity to file this complaint at an earlier date.  For example—in addition to May 20, 2011—Plaintiff could have filed on June 29, 2011, when he first learned from the court clerk that the complaint had not been filed; he could have filed on the occasion when he attempted to file *pro se* but became "overwhelmed"; and he could have filed at any other point between learning that he had missed the deadline and hiring Mr. Sackett. Indeed, Plaintiff's conduct shows that he knew that the deadline had passed, yet he took no personal initiative to file his complaint.  Thus the opposition fails to establish that Plaintiff diligently pursued his rights.

Plaintiff's argument that extraordinary circumstances prevented his timely filing is no more persuasive on the current proffer.  Equitable tolling is only warranted where "litigants are unable to file timely documents as a result of external circumstances beyond their direct control."  *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013) (quoting *Harris v. Carter,* 515 F.3d 1051, 1055 (9th Cir. 2008)) (alterations and internal quotation marks omitted).  Tolling is not warranted merely "to avoid the consequences of Plaintiff's negligence or that of [his] counsel."  *Vitt*, 2008 WL 425936, at *5.  For example, in *Bowen v. City of New York*, the court applied equitable tolling where "the Government's secretive conduct" prevented the plaintiffs from filing.  *Bowen*, 476 U.S. at 481.  Likewise, in *Vernon v. Heckler*, the court reasoned that equitable tolling may apply where the plaintiff had allegedly been told by an employee of the SSA that the deadline would be extended when it in fact was not.[4]  *Vernon*, 811 F.2d at 1275-76, 1278.

---

[4] The Court notes that the plaintiff in *Vernon* demonstrated significantly more diligence than Plaintiff here.  The *Vernon* plaintiff had been attempting to file his appeal on the last day before the sixty-day statute had run when he received the incorrect information from the SSA employee, and his complaint was ultimately only four days late; were it not for the misinformation, the complaint would have been timely.  *See Vernon*, 811 F.2d at 1275-76.

United States District Court
Northern District of California

To establish extraordinary circumstances, Plaintiff cites his attorney's negligence in not filing the claim on time as well as the fact that Plaintiff was (i) unable to communicate with his attorney after the deadline was missed, (ii) misled by the court clerks into believing that he would still be able to file his claim, (iii) "overwhelmed" at the prospect of filing *pro se*, and (iv) suffered from documented mental impairments.  (*See* Opp'n at 5-6, 8.)  While Plaintiff may have faced difficulties in filing his claim, none of these facts, taken singularly or in conjunction, rise to the level of "extraordinary circumstances" that warrant equitable tolling.  Most of these circumstances occurred after the statute of limitations had already run.  Further, while mental illness can warrant equitable tolling where it prevents a plaintiff's ability to meet deadlines, this remedy is not available when the plaintiff is represented by counsel.  *See Leorna v. United States Dept. of State*, 105 F.3d 548, 551 (9th Cir. 1997) ("[O]nce a claimant retains counsel, tolling ceases because she has gained the means of knowledge of her rights and can be charged with constructive knowledge of the law's requirements.") (internal quotations and citation omitted); *Garfield v. Astrue*, No. C 03–4124 VRW, 2008 WL 5221095, at *8 (N.D. Cal. Dec.12, 2008), *aff'd sub nom. Walter ex rel. Estate of Garfield v. Astrue*, 403 F. App'x 228 (9th Cir. 2010) (citing *Leorna* in denying tolling of 405(g) claim, and not reaching the issue of plaintiff's alleged mental illness, stating: "[B]ecause plaintiff retained counsel . . . the court need not reach whether grounds existed for tolling the limitations period.").  Here, Plaintiff was represented throughout the administrative process and through the sixty-day filing period.  Thus, Plaintiff's argument that the statute should be tolled due to his documented mental illnesses does not persuade.

Plaintiff has failed to establish that he faced extraordinary circumstances beyond his control such that equitable tolling is warranted.  Rather, this appears to be a case of attorney negligence that does not warrant this extraordinary remedy.  *See Soja v. Hornbeck*, No. C 09-3348 RS PR, 2010 WL 3118716, at *3 (N.D. Cal. Aug. 2, 2010) (denying equitable tolling in AEDPA case where plaintiff did not receive her full case file from her former attorney for over two years because "[e]ven if attorney error occurred, unless such error is egregious, it is not a sufficient basis for granting the extraordinary relief of equitable tolling."); *Garfield*, 2008 WL 5221095, at *8 (refusing to grant equitable tolling and finding that while "Plaintiff may have a cause of action for

malpractice based on her attorney's failure to seek timely review . . . her suit against defendant is time-barred"); *see also Majoy v. Roe*, 296 F.3d 770, 776 n.3 (9th Cir. 2002) ("[Plaintiff's] attempt to place blame on his previous attorney and to assign his reliance on that attorney having made timely filing 'impossible' falls short of the circumstances required to engage [equitable tolling].").

Here, Plaintiff has failed to state a claim upon which relief can be granted because it is clear from the face of the complaint that his 42 U.S.C. section 405(g) claim is time-barred and nothing in the complaint itself indicates that equitable tolling is warranted.  Thus, dismissal is proper.  While it appears from the opposition that amendment may be futile, the Court nonetheless affords Plaintiff the opportunity to amend his complaint to address his equitable tolling argument.

**IV.    CONCLUSION**

For the reasons stated above, Defendant Carolyn Colvin's Motion to Dismiss is **GRANTED**. Plaintiff Mark K. Lazerson has **LEAVE TO AMEND** his complaint consistent with this Order. Plaintiff has until **April 7, 2014**, to file an amended complaint.  Otherwise, this case will be dismissed with prejudice.

This terminates Docket No. 10.

**IT IS SO ORDERED**.

Date: March 6, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California